UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **REDSTONE FEDERAL CREDIT UNION,** | }<br>}<br>} |
| Appellant, | }<br>} |
| v. | Case No.: 5:18-cv-00161-MHH |
| **STEVEN EDWARD BROWN,** | }<br>}<br>} |
| Appellee. | } |

## MEMORANDUM OPINION AND ORDER

In this action, appellant Redstone Federal Credit Union challenges a Bankruptcy Court order overruling Redstone's objection to appellee Steven Brown's claim of a homestead exemption "in an amount up to $15,000," the maximum exemption available under Alabama law when Mr. Brown filed his Chapter 13 bankruptcy petition. Redstone argues that Mr. Brown is entitled to an exemption of only $5,000, the maximum exemption available under Alabama law when Mr. Brown incurred the debt that produced a judgment lien on his property. For the reasons discussed below, the Court affirms the Bankruptcy Court's order.

**I. JURISDICTION AND STANDARD OF REVIEW**

The Court has jurisdiction over Redstone's appeal under 28 U.S.C. § 158(a)(1). Section 158(a)(1) states: "The district courts of the United States

shall have jurisdiction to hear appeals from final judgments, orders, and decrees . . . of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title." 28 U.S.C. § 158(a)(1).

A district court "functions as an appellate court in reviewing bankruptcy decisions." *In re Piper Aircraft Corp.*, 362 F.3d 736, 738 (11th Cir. 2004) (quoting *In re Glados*, 83 F.3d 1360, 1362 (11th Cir. 1996)). "In reviewing a bankruptcy court judgment as an appellate court, [a] district court reviews the bankruptcy court's legal conclusions *de novo*." *In re Englander*, 95 F.3d 1028, 1030 (11th Cir. 1996).

## II. PROCEDURAL HISTORY AND FACTUAL BACKGROUND

Mr. Brown owns property in Hartselle, Alabama. (Doc. 4-13, p. 10). On May 27, 2016, Redstone obtained a $5,355.34 judgment plus $282.30 in court costs against Mr. Brown. (Doc. 4-4, p. 3). The judgment is based on credit card debt. The purchases that constitute the credit card debt occurred in February of 2014. (Doc. 4-18, pp. 1, 5). On July 11, 2016, Redstone recorded the judgment in Morgan County, Alabama. (Doc. 4-4, p. 3). The judgment became a lien against Mr. Brown's Hartselle property.

On November 3, 2017, Mr. Brown filed a Chapter 13 bankruptcy petition in the United States Bankruptcy Court for the Northern District of Alabama. (Doc. 4-13). In his bankruptcy schedule of assets, Mr. Brown valued the Hartselle property

at $109,900 (Doc. 4-13, p. 10) and indicated that Fay Servicing is a secured mortgagee of the property with a claim of $100,203 in the property (Doc. 4-13, p. 18). Thus, according to his bankruptcy petition, Mr. Brown holds $9,697 in equity in the Hartselle property. In his bankruptcy petition, Mr. Brown claimed a homestead exemption of $10,916.95 for the Hartselle property. (Doc. 4-13, p. 16).

On December 20, 2017, Mr. Brown asked the Bankruptcy Court for an order "avoiding the judicial lien" on the Hartselle property. (Doc. 4-16, p. 1). Relying on the homestead exemption in place when he filed his bankruptcy petition, Mr. Brown argued that there was "no equity in said property for the lien to attach." (Doc. 4-16, p. 2, ¶ 6). On December 27, 2017, Redstone answered the motion and requested a hearing. (Doc. 4-20).

On January 2, 2018, Redstone objected to Mr. Brown's request for "an exemption of the equity in the real estate in an amount up to $15,000." (Doc. 4-16, p. 2, ¶ 5; Doc. 4-18). Redstone argued that Mr. Brown's homestead exemption should not exceed $5,000 because Alabama Code § 6–10–1 states: "The right of homestead or other exemption shall be governed by the law in force when the debt or demand was created.'" (Doc. 4-18, p. 1, ¶ 6). Redstone argued that Mr. Brown's debt arose in February of 2014, and, at the time, Alabama law capped homestead exemptions at $5,000. (Doc. 4-18, p. 1, ¶ 7).

3

During a hearing on January 22, 2018, the Bankruptcy Court overruled Redstone's objection. (*In re Brown*, No. 17-83317-CRJ (Bankr. N.D. Ala. 2018) Jan. 22, 2018, hearing audio transcript (on file with the Court) 10:24:10 a.m. (hearing time); 2:33 (tape time)). The Bankruptcy Court stated that it had ruled against Redstone on this identical issue previously. (*Id.* at 10:22:02 a.m. (hearing time); 0:21 (tape time)). The Bankruptcy Court added: "There also are mixed debts in the case where the [ ] exemption [ ] under ruling by my colleague down in the Southern District would be you follow the new exemption." (*Id.* at 10:22:36 a.m. (hearing time); 0:56 (tape time)). In an order dated January 23, 2018, the Bankruptcy Court ruled:

> For the reasons stated on the record and in conformity with prior decisions of the Court holding that Alabama's new homestead exemption in effect on the petition date is controlling in mixed debt cases, the Court finds that the Objection to Debtor's Claim of Exemptions should be denied.

(Doc. 4-19, p. 1).

## III. ANALYSIS

Section 6–10–2 of the Alabama Code governs homestead exemptions. When Mr. Brown filed his bankruptcy petition in 2017, Section 6–10–2 provided (and still provides):

> The homestead of every resident of this state, with the improvements and appurtenances, not exceeding in value fifteen thousand dollars ($15,000) . . . , shall be, to the extent of any interest he or she may have therein, . . . exempt from levy and sale under execution or other

process for the collection of debts during his or her life and occupancy . . . .

ALA. CODE § 6–10–2 (1975). The Alabama Legislature increased the exemption from $5,000 to $15,000 in 2015. 2015 Alabama Laws Act 2015-484 (S.B. 327). In his bankruptcy petition, Mr. Brown reported debts that he incurred before and after the Alabama Legislature amended § 6–10–2. (Doc. 4-13, p. 18-25). Thus, this is a "mixed" debt case. A mixed debt bankruptcy case is a case "with debts arising both *before* and *after* the June 11, 2015 change in exemption limits." *See In re Middleton*, 544 B.R. 449, 454 (Bankr. S.D. Ala. 2016) (emphasis in original).

Relying on Alabama Code § 6–10–1, Redstone argues on appeal that the proper homestead exemption amount is $5,000, the statutory exemption amount in effect when Mr. Brown made the credit card charges that eventually produced a judgment lien of just over $5,500, the debt which Redstone seeks to recover. (Doc. 5). Redstone also argues that precedent concerning "mixed debt" cases should not apply where "only a single creditor has objected to its treatment under the plan." (Doc. 5). Before addressing Redstone's arguments, the Court examines the doctrine of merger, a concept that is fatal to Redstone's appeal.

**A. Merger**

Redstone's argument concerning Alabama Code § 6–10–1 proceeds from the premise that the debt that the company seeks to enforce was created in 2014. As a matter of law, that is not so.

Under Alabama Code § 6–10–1, "[t]he right of homestead or other exemption shall be governed by the law in force when the debt or demand was created." Redstone argues that Mr. Brown is entitled to only the $5,000 homestead exemption in effect in 2014 when Mr. Brown made credit card charges because these are the charges that gave rise to the debt for which Redstone eventually sued Mr. Brown in state court. (Doc. 5, p. 6; *see also* Doc. 4-18, p. 1). But Redstone does not seek to recover the credit card charges; Redstone seeks to recover its 2016 judgment lien of just over $5,500. (Doc. 5, pp. 6-7; Doc. 4-18, p. 1, ¶¶ 1, 4).[1]

As a matter of law, this debt – the judgment lien – is separate from the underlying debt, and the lien is separate from the judgment on the underlying debt. With respect to the judgment itself, it is well-settled that a debt merges into a judgment on the debt, and the debt ceases to exist. *Wilson v. Taylor*, 8 So. 149, 150 (Ala. 1870) (once a creditor obtains a judgment on a debt, "the debt is merged into the judgment"); *Hare v. Hartley*, 349 So. 2d 1151, 1152 (Ala. 1977) (same); *In re Bernard*, 152 B.R. 1016, 1021 (Bankr. S.D. Fla. 1993) ("the causes of action for alleged conversion and violation of a constructive trust were settled in the Circuit Court of Florida and a Final Judgment was entered by that court for default by the Debtor of payments under a stipulation approved by the court. This resulted in a

---

[1] As of March 25, 2014, Mr. Brown's total credit card debt was $3,041.27. (Doc. 4-18, p. 4). That debt would be exempt from recovery under Alabama's pre-2015 $5,000 homestead exemption.

merger of the causes of action in a judgment with the old debt ceasing to exist and the new judgment debt taking its place."). Here, the judgment on the underlying credit card debt was created on May 27, 2016 (Doc. 4-4, p. 3). Thus, the new judgment debt was created after the Alabama Legislature increased the homestead exemption from $5,000 to $15,000.

Moreover, the judgment lien relating to the May 2016 judgment is a contract right separate and apart from the judgment debt. *See generally In re Gayle*, 189 B.R. 914, 920 (Bankr. S.D. Tex. 1995) ("a judgment on an underlying debt does not destroy a lienor's right to nonjudicial foreclosure since a note and a lien are two separate and severable contractual rights held by a mortgagee"); *Wilson*, 8 So. at 150. The judgment lien was created on July 11, 2016. (Doc. 4-4, p. 3). Thus, the judgment lien – the debt which Redstone seeks to enforce – was created after the Alabama Legislature increased the homestead exemption from $5,000 to $15,000.[2]

Consequently, in this case, Redstone does not hold a debt that was created before the Alabama Legislature increased the homestead exemption from $5,000 to $15,000. In the absence of a pre-amendment debt, Redstone has no basis for its appeal. Nevertheless, assuming for argument's sake that Redstone has a pre-amendment debt, the Court will review the analysis set out in *Redstone Federal*

---

[2] The underlying credit card debt was unsecured, so there is no lien that pre-dates the 2015 amendment that increased Alabama's homestead exemption from $5,000 to $15,000.

7

*Credit Union v. Whited*, 584 B.R. 71 (Bankr. N.D. Ala. 2018), a decision in which the Court held that in mixed debt cases, a debtor may claim the homestead exemption in place on the date the debtor filed his bankruptcy petition.

### B. The petition date test for Chapter 13 mixed debt cases

A federal statute, 11 U.S.C. § 522, governs property exemptions in bankruptcy. That section provides in part:

> [A]n individual debtor may exempt from property of the estate the property listed in either paragraph (2) or, in the alternative, paragraph (3) of this subsection. . . . .
>
> (3) Property listed in this paragraph is—
>
> > (A) subject to subsections (o) and (p), any property that is exempt under Federal law, other than subsection (d) of this section, or State or local law *that is applicable on the date of the filing of the petition* . . . .

11 U.S.C. § 522(b) (emphasis added). Subsection (o) describes exempt property as: "real or personal property that the debtor claims as a homestead." 11 U.S.C. § 522(o). Subsection (f) allows a debtor to exempt the homestead property from attachment of a lien. 11 U.S.C. § 522(f)(1) ("the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section . . . .").

The Supreme Court has held that when a court considers a debtor's ability under the Bankruptcy Code to avoid a judgment lien, the court must evaluate the

state law exemption in place when the debtor filed his petition, not when the creditor perfected its lien. *Owen v. Owen*, 500 U.S. 305, 311 (1991). In *Owen*, an individual bought a condominium that became subject to a creditor's pre-existing judgment lien. *Owen*, 500 U.S. at 307. On the date of purchase, the condominium did not qualify for a homestead exemption under Florida law, but Florida amended its law a year later, and the property became subject to the state's homestead exemption under the amendment. *Owen*, 500 U.S. at 307.

When the individual filed for bankruptcy under Chapter 7 of the Bankruptcy Code, he claimed a homestead exemption in his condominium and sought to avoid the judgment lien pursuant to 11 U.S.C. § 522(f)(1). The bankruptcy court did not permit the debtor to avoid the lien, and the district court affirmed because the property did not become subject to the state's homestead exemption until after the lien attached to the property. *Owen*, 500 U.S. at 307-08. The Eleventh Circuit Court of Appeals affirmed, but the Supreme Court reversed the decision. *Owen*, 500 U.S. at 314.

The Supreme Court explained that under 11 U.S.C. § 522(f), a court must consider whether a lien "impairs an exemption to which the debtor *would have been* entitled but for the lien itself." *Owen*, 500 U.S. at 310-11 (emphasis in *Owen*) (quoting 11 U.S.C. § 522(f)). The Supreme Court stated:

> As the preceding italicized words suggest, this reading is more consonant with the text of § 522(f)—which establishes as the baseline,

> against which impairment is to be measured, not an exemption to which the debtor "*is* entitled," but one to which he "*would have been* entitled." The latter phrase denotes a state of affairs that is conceived or hypothetical, rather than actual, and requires the reader to disregard some element of reality. "Would have been" *but for what*? The answer given, with respect to the federal exemptions, has been *but for the lien at issue*, and that seems to us correct.

*Owen*, 500 U.S. at 311 (emphasis in original).

The Supreme Court held that when determining the exemption to which a debtor would be entitled, "the only conceivable fact we are invited to disregard is the existence of the lien." *Owen,* 500 U.S. at 312. "We have no doubt, then, that the lower courts' unanimously agreed-upon manner of applying § 522(f) to federal exemptions - ask first whether avoiding the lien would entitle the debtor to an exemption, and if it would, then avoid and recover the lien - is correct." *Owen*, 500 U.S. 312–13. The Supreme Court stated that the same process applies to state exemptions. *Owen*, 500 U.S. at 313.

In light of *Owen*, a bankruptcy court should ignore the debtor's lien and determine which exemption applied to the debtor under state law on the date the debtor filed the bankruptcy petition. *See Redstone Federal Credit Union v. Whited*, 584 B.R. 71 (Bankr. N.D. Ala. 2018) ("*Owen* instructs the Court to ask, if [the creditor] did not have a lien on [the debtor's] property, to which exemption would the [debtor] be entitled under Alabama law on the date of the [debtor's] petition?"), *appeal filed*, No. 18-11659 (11th Cir. Apr. 28, 2018).

Courts have held that a debtor in a mixed debt Chapter 7 bankruptcy case may claim the Alabama homestead exemption in effect when the debtor filed the bankruptcy petition, despite Alabama Code § 6–10–1's requirement that the right of homestead or other exemption " be governed by the law in force when the debt or demand was created . . . ." *See, e.g., Andrews v. Ernandez*, No. 16-0284-CG-C, 2017 WL 125040, at *5 (S.D. Ala. Jan. 11, 2017); *In re Middleton*, 544 B.R. 449, 458 (Bankr. S.D. Ala. 2016). In *Middleton*, the bankruptcy court held that in mixed debt cases, federal law preempts Alabama Code § 6–10–1 because § 6–10–1 discriminates against similarly situated unsecured creditors. *Middleton*, 544 B.R. at 457. The bankruptcy court instructed:

> The priority schemes and equality of treatment in §§ 507(a) and 726(a) and (b) are the foundation of the Bankruptcy Code's goal to fairly distribute a debtor's non-exempt assets among creditors. The Code is designed to achieve an "equality of treatment among similarly situated creditors." *In re Jet Florida System, Inc.*, 841 F.2d 1082, 1083 (11th Cir. 1988); "Creditors within a given class are to be treated equally, and bankruptcy courts may not create their own rules of superpriority within a single class." *Matter of Saybrook Mfg. Co., Inc.*, 963 F.2d 1490, 1496 (11th Cir. 1992). This basic tenet of bankruptcy law should not be undermined by state exemption law.

*Middleton*, 544 B.R. at 456. The bankruptcy court held that, "in Chapter 7 cases with a 'mix' of debts which pre-and postdate the change in exemptions, the approach which complies with the Bankruptcy Code and is most consistent with

other law is to apply the exemption limits in effect at the time of the bankruptcy petition." *Middleton*, 544 B.R. at 456. [3]

Similarly, in *Andrews,* the district court stated:

> to the extent Alabama Code § 6-10-1 requires debts in the same class to be treated differently because of the date the debts were created, the statute is preempted by the Bankruptcy Code. The Bankruptcy Code sets up priority schemes and requires that debts in the same class be treated equally. Accordingly, unless all of the debts in a Chapter 7 bankruptcy estate were created prior to the amendment, the date of the petition must determine the exemptions to be applied. This conclusion is consistent with 11 U.S.C. § 726(b), with the statement in Ala. Code § 6-10-1 that "[t]he adjusted amounts apply to exemptions claimed on or after April 1, following the adjustment date," . . . with the Supreme Court's decision in *Owen* regarding the applicability of exemptions to pre-existing judgment liens, with the Bankruptcy Code's goal of providing a fresh start and with the interests of equitable and orderly distribution.

*Andrews*, 2017 WL 125040, at *5.

In *Whited*, this Court held that the reasoning in *Middleton* and *Andrews* applies to mixed debt Chapter 13 cases. 584 B.R. at 77-78. The Court stated:

> A debtor in a mixed debt Chapter 13 bankruptcy case is entitled to the homestead exemption in force on the date the debtor files her bankruptcy petition. In a mixed debt case, the petition date exemption is consistent with federal law, legislative intent, the debtor's fresh start, and the courts' liberal construction of exemption statutes in favor of the debtor.
>
> Unless all debts arose before June 11, 2015, Alabama Code § 6–10–1 instructs a court to tolerate disparate treatment between creditors in the same class. Unlike Chapter 7, there is no pro rata mandate for payments to unsecured creditors in Chapter 13. In fact, in

---

[3] For an extended discussion of *Middleton*, *see Whited*, 584 B.R. at 76-77.

> a Chapter 13 case, the Bankruptcy Code permits discrimination among classes of unsecured creditors, as long as the discrimination is not unfair. 11 U.S.C. § 1322(b)(1). The potential disparate treatment of unsecured creditors is one factor of many that favor the petition date exemption.
>
> Beyond distinguishing between pro rata distribution in Chapter 7 and permissible discrimination in Chapter 13, differentiating between mixed debt Chapter 7 and Chapter 13 cases for purposes of Alabama Code §§ 6–10–1 and –2 would be splitting hairs. The payment of an unsecured claim under Chapter 13 cannot be "less than the amount that would be paid on such claim if the estate of the debtor were liquidated under [Chapter 7]." 11 U.S.C. § 1325(a)(4). A Chapter 13 debtor may convert her case to Chapter 7 at any time. 11 U.S.C. § 1307(a). Cases filed under both chapters must follow the priorities established by 11 U.S.C. § 507. Congress intends for debtors to have a fresh start regardless of whether they file for Chapter 7 or Chapter 13. *See Slater v. United States Steel Corp.*, 871 F.3d 1174, 1179 (11th Cir. 2017). Accordingly, each consideration in *Middleton* and *Andrews* applies equally in Chapter 7 and Chapter 13 mixed debt cases.

*Whited*, 584 B.R. at 77-78 (brackets in original). Redstone's argument that the bankruptcy court should have applied the debt exemption in place when the debt was created remains unpersuasive.

### C. The petition date determines the applicable homestead exemption in a Chapter 13 mixed debt case, even when a single creditor objects to the debtor's claimed exemption.

Redstone argues that this Court's reliance on *Middleton* is misplaced because in that case, a trustee rather than a creditor raised objections to the debtor's exemptions. (Doc. 5, p. 11). Here, only a single creditor, Redstone, has objected to Mr. Brown's asserted homestead exemption. The distinction that Redstone

13

makes is irrelevant. Because this is a mixed-debt case consisting of pre- and post-amendment debts, *Whited* governs this case. As in *Whited*, "[a] debtor in a mixed debt Chapter 13 bankruptcy case is entitled to the homestead exemption in force on the date the debtor files her bankruptcy petition." *Whited*, 584 B.R. at 77-78.

## IV. CONCLUSION

For the reasons stated, the Court affirms the Bankruptcy Court order overruling Redstone's objection to Mr. Brown's claim of a homestead exemption of up to $15,000.

**DONE** and **ORDERED** this February 13, 2019.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE